IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 1:12CR425-1 |
| | : | |
| v. | : | |
| | : | |
| JADONAVAN O'BRYANT JOHNSON | : | PLEA AGREEMENT |

NOW COME the United States of America, by and through Ripley Rand, United States Attorney for the Middle District of North Carolina, and the defendant, JADONAVAN O'BRYANT JOHNSON, in his own person and through his attorney, William S. Trivette, and state as follows:

1. The defendant, JADONAVAN O'BRYANT JOHNSON, is presently under Indictment in case number 1:12CR425-1, which charges him with a violation of Title 18, United States Code, Sections 922(g)(1) and 924(e), felon in possession of a firearm.

2. The defendant, JADONAVAN O'BRYANT JOHNSON, will enter a voluntary plea of guilty to the Indictment herein. The nature of this charge and the elements of this charge, which must be proved by the United States beyond a reasonable doubt before the defendant can be found guilty thereof, have been explained to him by his attorney.

    a. The defendant, JADONAVAN O'BRYANT JOHNSON, understands that the term of imprisonment provided by law for the Indictment herein is not less than fifteen years, and the maximum

fine for the Indictment is $250,000, or both. In addition, the defendant cannot be placed on probation or receive a suspended sentence. The fine is subject to the provisions of Title 18, United States Code, Section 3571, entitled "Sentence of Fine." The defendant, JADONAVAN O'BRYANT JOHNSON, also understands that the Court may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release of not more than five years after imprisonment, pursuant to Title 18, United States Code, Section 3583.

  b. If the Court determines at the time of sentencing that Title 18, United States Code, Section 924(e)(1) is not applicable, the maximum term of imprisonment is not more than ten years. Any sentence imposing a term of imprisonment may include a term of supervised release of not more than three years after imprisonment, pursuant to Title 18, United States Code, Section 3583.

  c. The defendant, JADONAVAN O'BRYANT JOHNSON, further understands that the sentence to be imposed upon him is within the discretion of the sentencing Court subject to the statutory maximum and mandatory minimum penalties set forth above. The sentencing Court is not bound by the sentencing range prescribed by the United States Sentencing Guidelines. Nevertheless, the sentencing Court is required to consult the Guidelines and take them into account when sentencing. In so doing, the sentencing Court will first calculate,

2

Case 1:12-cr-00425-CCE   Document 11   Filed 03/01/13   Page 2 of 6

after making the appropriate findings of fact, the sentencing range prescribed by the Guidelines, and then will consider that range as well as other relevant factors set forth in the Guidelines and those factors set forth in Title 18, United States Code, Section 3553(a) before imposing the sentence.

   d. The defendant, JADONAVAN O'BRYANT JOHNSON, understands that if he is not a citizen of the United States that entering a plea of guilty may have adverse consequences with respect to his immigration status. The defendant, JADONAVAN O'BRYANT JOHNSON, nevertheless wishes to enter a voluntary plea of guilty regardless of any immigration consequences his guilty plea might entail, even if such consequence might include automatic removal and possibly permanent exclusion from the United States.

  3. By voluntarily pleading guilty to the Indictment herein, the defendant, JADONAVAN O'BRYANT JOHNSON, knowingly waives and gives up his constitutional rights to plead not guilty, to compel the United States to prove his guilt beyond a reasonable doubt, not to be compelled to incriminate himself, to confront and cross-examine the witnesses against him, to have a jury or judge determine his guilt on the evidence presented, and other constitutional rights which attend a defendant on trial in a criminal case.

3

Case 1:12-cr-00425-CCE   Document 11   Filed 03/01/13   Page 3 of 6

4. The defendant, JADONAVAN O'BRYANT JOHNSON, is going to plead guilty to the Indictment herein because he is, in fact, guilty and not because of any threats or promises.

5. The extent of the plea bargaining in this case is as follows:

    a. It is understood that if the Court determines at the time of sentencing that the defendant, JADONAVAN O'BRYANT JOHNSON, qualifies for a 2-point decrease in the offense level under Section 3E1.1(a) of the Sentencing Guidelines and that the offense level prior to the operation of Section 3E1.1(a) is 16 or greater, then the United States will recommend a decrease in the offense level by 1 additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. This recommendation is not binding upon the Court.

    b. The defendant, JADONAVAN O'BRYANT JOHNSON, agrees to and does hereby abandon any interest that he has in the firearm set out in the Indictment herein.

6. The defendant, JADONAVAN O'BRYANT JOHNSON, agrees that pursuant to Title 18, United States Code, Section 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment and subject to immediate enforcement by the United States. The defendant agrees that if the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

7. It is further understood that the United States and the defendant, JADONAVAN O'BRYANT JOHNSON, reserve the right to bring to the Court's attention any facts deemed relevant for purposes of sentencing.

8. The defendant, JADONAVAN O'BRYANT JOHNSON, further understands and agrees that pursuant to Title 18, United States Code, Section 3013, for any offense committed on or October 11, 1996, the defendant shall pay an assessment to the Court of $100 for each offense to which he is pleading guilty. This payment shall be made at the time of sentencing by cash or money order made payable to the Clerk of the United States District Court. If the defendant is indigent and cannot make the special assessment payment at the time of sentencing, then the defendant agrees to participate in the Inmate Financial Responsibility Program for purposes of paying such special assessment.

9. No agreements, representations, or understandings have been made between the parties in this case other than those which

5

are explicitly set forth in this Plea Agreement, and none will be entered into unless executed in writing and signed by all the parties.

This the 28 day of Feb , 2013

RIPLEY RAND
United States Attorney

WILLIAM S. TRIVETTE
Attorney for Defendant

T. NICK MATKINS
NCSB #32816
Special Assistant United States Attorney

JADONAVAN O'BRYANT JOHNSON
Defendant

P. O. Box 1858
Greensboro, NC 27402

336/333-5351